_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

ELIZABETH HAZAN and SEAN MEEHAN

Defendants / Petitioners / Appellants,

vs.

VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC.,

Plaintiff / Respondent / Appellee.

_____

On Appeal from the United States District Court
for the Southern District of Florida

District Court Case No. 1:25-cv-26159-LFL

_____

_____

**APPELLEE'S MOTION TO DISMISS APPEAL FOR LACK OF
JURISDICTION**

_____

BARRY S. TURNER P.A.
P.O. Box 330189
Miami, Florida 33233
Phone: (305) 699-4392
E-mail: bt@bstpa.com

*Attorney for Plaintiff/Appellee,
Valencia Estates Homeowners'
Association, Inc.*

# CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed.R.App.P. 26.1 and 11th Cir. R. 26.1-1, the undersigned counsel for Plaintiff/Appellee, Valencia Estates Homeowners' Association, Inc., hereby discloses and certifies the following list of known persons, associated persons, firms, partnerships, or corporations that have a financial interest in the outcome of this case, including all subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party in this case:

Parties:

- Valencia Estates Homeowners' Association, Inc., a Florida Not-for Profit Corporation – *Plaintiff/Appellee*

- Elizabeth Hazan – *Defendant/Appellant*

- Sean Meehan– *Defendant/Appellant*

- 6913 Valencia, LLC – *Defendant*

- JP Morgan Chase Bank, N.A. – *Owner of first priority mortgage on the real property that is the subject of this action*

Attorneys:

- Aresty, Joel – *Former Counsel to 6913 Valencia, LLC, Elizabeth Hazan, and Sean Meehan*

- Barry S. Turner P.A. – *Counsel to Plaintiff/Appellee*

- Haber Law, LLP – *Former Counsel to Plaintiff*

1

- Joel M. Aresty, P.A. – *Former Counsel to 6913 Valencia, LLC, Elizabeth Hazan, and Sean Meehan*

- Rudd, Aubrey George – *Former Counsel to 6913 Valencia, LLC*

- Simon, Michael – *Counsel to 6913 Valencia, LLC*

- The Simon Law Firm – *Counsel to 6913 Valencia, LLC*

- Turner, Barry– *Counsel to Plaintiff/Appellee*

Trial Court:

- Johnson, Johnson, Charles, Circuit Civil Judge, Eleventh Judicial Circuit in and for Miami-Dade County, Florida

- Louis, Lauren Fleischer, Magistrate Judge, United States District Court for the Southern District of Florida

Corporate Disclosure Statement:

The owners of all Units in Plaintiff/Appellee Valencia Estates Homeowners Association, Inc., who each may have a percentage interest in the outcome of this case, are as follows:

- VILLA ONE FISHER LLC

- FICH INVESTMENTS LLC

- 6911 VALENCIA LLC

- ELIZABETH HAZAN

- 6915 VALENCIA DRIVE INC

- JOEL AND RITA COHEN

- VALENCIA CORP

- SS FLO HOLDINGS CORP

- 6923 VALENCIA DR LLC

The Officers and Board of Directors of Plaintiff Valencia Estates Homeowners Association, Inc. are as follows:

- Giller, Jason

- Plana, Nestor

## APPELLEE'S MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

Plaintiff/Appellee, Valencia Estates Homeowners' Association, Inc. ("Appellee") moves to dismiss the appeal for lack of jurisdiction. Defendants/Appellants Elizabeth Hazan ("Hazan") and Sean Meehan ("Meehan"; collectively, Hazan and Meehan shall be known as the "Appellants") seek review of non-appealable non-final paperless order dated February 16, 2026 ("Non-Final Order") granting in part and denying in part of a motion to strike another motion. Because the Non-Final Order is neither a final decision under 28 U.S.C. § 1291, nor an appealable interlocutory order under 28 U.S.C. § 1292 or the collateral order doctrine, and no certification under 28 U.S.C. § 1292(b) or Fed. R. Civ. P. 54(b) was made, this Court lacks jurisdiction and must dismiss.

## I.    BACKGROUND

On December 31, 2025, Meehan, joined by Hazan, removed litigation styled *Valencia Estates Homeowners' Association, Inc., vs. Elizabeth Hazan, Sean Meehan, and 6913 Valencia, LLC*, Case No. 2022-005424-CA-01 pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ("Original Proceeding"). This was the Appellants' fifth removal of the Original Proceeding to the United States District Court for the Southern District of Florida. Each of the previous four removals.

As previously filed in three of the remanded removal actions, the Appellee

filed its *Motion to Deem Defendants' Vexatious Litigant, Place Certain Limitations on Any Future Litigation They Initiate or Remove to this Court, Incorporated Memorandum of Law, And for Sanctions* (DE5A#9) [1] ("Vexatious Litigants Motion") on January 9, 2026. [2] Pursuant to Local Rule 7.1(c) of United States District Court for the Southern District of Florida, the Appellants had fourteen (14) days to respond to the Vexatious Litigant Motion. On January 23, 2026 and in initial response to the Vexatious Litigants Motion, the Appellants filed their *Pro Se Motion for Extension of Time to Retain New Counsel and Extend Deadlines to Respond to Doc N. 9* (DE5A#11), which was denied by the Court on January 12, 2026.

On February 13, 2026, the Appellants then filed two motions — the *Emergency Motion For Leave To File Opposition Out Of Time Defendants' Opposition To Plaintiff's Motion to Deem Defendants' Vexatious Litigant, Place Certain Limitations on Any Future Litigation They Initiate or Remove to this Court,*

---

[1] DE5A# shall denote filings in the underlying district court case, Case No.: District Court Case No. 1:25-cv-26159-LFL.

[2] While not litigating the Vexatious Litigants Motion in this appeal, the Appellee notes that the Appellants have filed five separate removals of the Original Proceeding. Each of the Appellants' notices of removal are entirely duplicative and offer little or no jurisdictional basis and the four previous removals were remanded, including by the agreement of the Appellants. The fifth removal action again recycles previously rejected arguments and serves a single function: delay. This pattern reflects precisely the type of repetitive and abusive litigation conduct warranting relief under the Court's inherent power under the All Writs Act, 28 U.S.C. § 1651.

*Incorporated Memorandum of Law, And for Sanctions ECF No.9* (DE5A#16) ("Leave Motion") and the *Motion to Strike Plaintiff's Motion to Deem Defendants' Vexatious Litigant, Place Certain Limitations on Any Future Litigation They Initiate or Remove to this Court, Incorporated Memorandum of Law, And for Sanctions ECF No.9* (DE5A#17) ("Motion to Strike"). The Leave Motion attached the Appellants' response to the Vexatious Litigants Motion.

On February 16, 2026, the Court entered the Non-Final Order which deemed denied the Motion to Strike but granted the Leave Motion and "accept[ed] Defendants' opposition out of time." On February 23, 2026, the Appellants filed the instant appeal of the Non-Final Order. (DE#1).

On February 13, 2026, Appellee filed its *Motion to Remand Case to the State Court, To Deem Defendants' Vexatious Litigants, and Incorporated Memorandum of Law* (DE5A#18) ("Fifth Remand Motion"). The Appellants responded to the Fifth Remand Motion on February 27, 2026. (DE5A#24). On March 4, 2026, the Appellee filed its reply in support of the Fifth Remand Motion. (DE5A#25). As of this motion to dismiss, the Vexatious Litigants Motion and the Fifth Remand Motion are fully briefed and pending adjudication.

## II.     ARGUMENT

### A.     There Is No Jurisdiction Under 28 U.S.C. § 1291 Because the Non-Final Order Is Not Final

A court of appeals has jurisdiction over "final decisions" of the district courts. *United States v. Shalhoub*, 855 F.3d 1255, 1260 (11th Cir. 2017) (citing 28 U.S.C. § 1291). For purposes of § 1291, "a final judgment is normally deemed not to have occurred until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (internal citations omitted). When, as here, an order or judgment does not dispose of all of the claims against all of the parties, it is not considered a final judgment. *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012). The Court has a "threshold obligation to ensure that we have jurisdiction to hear an appeal, for 'without jurisdiction we cannot proceed at all in any cause." *Jackson v. City of Atlanta*, 97 F.4th 1343, 1350 (11th Cir. 2024) (internal citations omitted).

Here, the Non-Final Order does not constitute a final, appealable judgment. It resolves no ultimate issue between the parties, neither in the underlying fifth removal action nor in the Original Proceeding, and leaves the merits of the dispute entirely intact. To the contrary, the Non-Final Order granted Appellants' Leave Motion, accepting as timely what was an untimely response to the Vexatious Litigants Motion. Although it denied the Motion to Strike, that portion of the ruling did not terminate the litigation or dispose of any substantive claim.

As the Non-Final Order itself makes plain, the Motion to Strike was "identical in all respects to Defendants' proposed opposition [to the Vexatious Litigants Motion], except that it substitutes the word 'denied' for 'stricken' and appends a wherefore clause requesting that the Court grant the motion." It cites no authority, advances no distinct legal theory, and offers no argument tailored to the extraordinary relief it seeks. In short, it is form without substance.

The interlocutory nature of the Non-Final Order is further underscored by subsequent events. The Appellants proceeded to file their response to the Fifth Remand Motion on February 27, 2026, after noticing this appeal. That filing alone confirms what the record already reflects: the proceedings below remain ongoing, and the Non-Final Order at issue is but a procedural waypoint, not a final adjudication.

Accordingly, the Non-Final Order is not a final decision within the meaning of § 1291 and is not appealable as of right.

**B.     The Non-Final Order Is Not Within Any Statutory Category of Appealable Interlocutory Orders Under 28 U.S.C. § 1292 and has Not Been Certified by the District Court**

Likewise, the Non-Final Order Appellants seek to appeal does not fall within the category of orders for which a direct interlocutory appeal is permissible. § 1292(a) permits appeals from a limited set of interlocutory orders, such as orders granting, continuing, modifying, refusing, or dissolving injunctions, orders

appointing receivers, and certain admiralty orders. 28 U.S.C. § 1292(a). The Non-Final Order does not grant or deny injunctive relief, appoint a receiver, or fall within any admiralty category. Because § 1292(a) must be narrowly construed, jurisdiction does not lie under this provision. *See e.g. Birmingham Fire Fighters Ass'n 117 v. Jefferson Cnty.,* 280 F.3d 1289, 1293 (11th Cir.2002) ("§ 1292(a)(1) must be construed narrowly so as to limit the availability of interlocutory appeals in cases involving injunctions.")

Further, a district court may certify that the order involves a question controlling of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation for interlocutory review under § 1292(b). No such certification was made, and Appellants did not obtain permission to appeal the Non-Final Order. Accordingly, § 1292 is not a basis for the Court to exercise jurisdiction of the Non-Final Order.

### C.    The Collateral Order Doctrine Does Not Apply

Nor can the Appellants invoke the narrow collateral order doctrine. The "collateral order doctrine [] permits appellate review of an interlocutory order that (1) 'conclusively determines the disputed question,' (2) 'resolves an important issue completely separate from the merits of the action,' and (3) 'is effectively unreviewable on appeal from a final judgment.'" *Shalhoub*, 855 F.3d at

1260 (quoting *Flanagan v. United States*, 465 U.S. 259, 265 (1984) (alterations omitted)). These requirements are "stringent"; indeed, "although the [Supreme] Court has been asked many times to expand the 'small class' of collaterally appealable orders," the Court has "instead kept it narrow and selective in its membership." *Will v. Hallock*, 546 U.S. 345, 349-50 (2006) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996)).

Here, the Non-Final Order does not determine any issue of fact or law. It addresses only interim, procedural matters and while the substantive issues (i.e. adjudication of the Vexatious Litigants Motion and Fifth Remand Motion) remain pending. The relief the Non-Final Order ruled upon are not collateral to the merits; they arise directly from, and are intertwined with, the parties' ongoing dispute and the procedural posture of that dispute. Third, there is no risk of irreparable loss of appellate review.

Accordingly, the collateral order doctrine does not apply as this case presents none of the "small class" of extraordinary circumstances warranting immediate appellate intervention. It is, instead, an ordinary interlocutory ruling dressed up as something more—and it does not qualify.

### III. THE APPELLEE MOVES FOR SANCTIONS FOR FRIVOLOUS APPEAL

This Court has the right to tax costs associated with an improper appeal against the appealing party. Fed. R. App. P. 38. Here, the Appellants appealed the

Non-Final Order to prolong adjudication of the Original Proceeding through further delay and obstruction. The instant appeal is without any apparent justification. Accordingly, the Appellee respectfully requests the Court sanction the Appellants.

## IV.  CONCLUSION

The Non-Final Order is not final judgment under § 1291, is not within § 1292(a), lacks § 1292(b) certification and Rule 54(b) finality, and does not qualify under the collateral order doctrine, this Court lacks jurisdiction. The Appellee respectfully requests that the Court dismiss the appeal for lack of jurisdiction and award such further relief as is appropriate, including sanctions and taxation of costs.

Dated: April 2, 2026

Respectfully submitted,
BARRY S. TURNER P.A.
P.O. Box 330189
Miami, Florida 33233
Phone: (305) 699-4392
E-mail: bt@bstpa.com

By: */s/ Barry S. Turner*
Barry S. Turner, Esq.
Fla. Bar No. 85535

*Attorney for Plaintiff/Appellee,*
*Valencia Estates Homeowners'*
*Association, Inc.*

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the length limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,715 words.

This document complies with the typeface and style requirements of Federal Rule of Appellate Procedure 32(a) because it was prepared using Microsoft Word in Times New Roman, 14-point font.

By: */s/ Barry S. Turner*
Barry S. Turner, Esq.
Fla. Bar No. 85535

## CERTIFICATE OF COMPLIANCE

I certify that the undersigned counsel for Appellee attempted to confer with the Appellants and Michael W. Simon, Esq., state court counsel to 6913 Valencia LLC via email. Neither the Appellants nor state court counsel to 6913 Valencia LLC responded to the conference.

By: */s/ Barry S. Turner*
Barry S. Turner, Esq.
Fla. Bar No. 85535

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on April 2, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing as indicated below:

Elizabeth Hazan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
**Via US Mail**

Sean Meehan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
**Via US Mail**

6913 Valencia LLC
c/o Michael W. Simon, Esq.
The Simon Law Firm
3839 NW Boca Raton Blvd., Suite 100
Boca Raton, FL 33431
*State Court Counsel to 6913 Valencia LLC*
**Via US Mail**

By: */s/ Barry S. Turner*
Barry S. Turner, Esq.
Fla. Bar No. 85535