# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

**Appeal Number: 26-10573**

**District Court Docket No. 25-cv-26159-LFL**

**Valencia Estates Homeowners' Association, Inc.**
Appellant,

v.

**Liza Hazan, et al**

Appellee.

On Appeal from
United States District Court for the Southern District of Florida

District Court Docket No. **25-cv-26159-LFL**

## APPELLANTS LIZA HAZAN AND SEAN MEEHAN'S RESPONSE IN OPPOSITION TO APPELLEE'S MOTION TO DISMISS

April 13, 2026

Elizabeth Hazan

By:_/s / Liza Hazan
Liza Hazan a/k/a
Elizabeth Hazan 6913
Valencia Drive
Miami, FL 33109
*Pro se Defendant*
**Via US Mail**


Sean Neil Meehan

By:_/s/ Sean Meehan
Sean Meehan
*Pro se Defendant*
**Via US Mail**

# CERTIFICATE OF INTERESTED PARTIES

Aresty, Joel – attorney for Liza Hazan

Fisher Island Community Association, Inc. – HOA of Appellee

Fisher Island Community Association, Inc. – HOA of Appellee Hazan, Elizabeth a/k/a

Hazan, Liza –Appellee

Selective Advisor Group, LLC formerly known as Selective Advisors Group,

LLC

JPMorgan Chase Bank, National Association –Plaintiff in pending declaratory

action against Appellee Liza Hazan

Langley, David W. – attorney for Appellee

Law Offices of David W. Langley – firm for Appellee

Law Office of Robert A. Gusrae, Esq. - for Creditor Fisher Island Community

Association

Leon Cosgrove LLC – attorney of record for JP Morgan Chase Bank

Meehan, Sean Neil – Manager of Selective Advisors Group, LLC and

Selective Advisors Group, LLC

Appellee Sean Meehan

6913 Valencia, LLC – holder of mortgage on the Fisher Island Property

Valencia Estates Homeowners' Association, Inc. – Creditor of Appellee Hazan and HOA of the Fisher Island Property

Zaron, Andrew D. – attorney of record for JP Morgan Chase Bank

Judge Reemberto Diaz

Judge Sanchez

Appellants LIZA HAZAN a/k/a ELIZABETH HAZAN, and SEAN NEIL MEEHAN further certifies that JP Morgan Chase Bank is a publicly traded company with an interest in the outcome of this case.

**APPELLANTS LIZA HAZAN AND SEAN MEEHAN'S RESPONSE IN OPPOSITION TO APPELLEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

Appellants Liza Hazan a/k/a Elizabeth Hazan and Sean Neil Meehan, *Pro Se* appellants, file this response in opposition to Appellee's Motion to Dismiss Appeal for Lack of Jurisdiction [ECF No. 14].

## I. INTRODUCTION

Appellee's motion rests on a fundamental mischaracterization of the February 16, 2026 Order as a routine, non-final procedural ruling. It is not.

The Order arises in the context of a pending motion seeking to:

- Declare Appellants **vexatious litigants**,
- Impose **prospective filing restrictions**, and
- Enter **sanctions under the All Writs Act, 28 U.S.C. § 1651(a)**.

Orders affecting a litigant's **right of access to courts** and ability to defend against such restrictions are **immediately reviewable** under well-established Eleventh Circuit and Supreme Court precedent.

## II. GOVERNING LAW

### A. Final Judgment Rule and Its Exceptions

While 28 U.S.C. § 1291 generally limits jurisdiction to final decisions, the Supreme Court has long recognized exceptions, including:

- The **collateral order doctrine** (*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)),

- **Practical finality principles** (*Gillespie v. U.S. Steel Corp.*, 379 U.S. 148 (1964)), and

- Immediate review of orders affecting **fundamental rights or irreparable harm**.

### B. Eleventh Circuit Authority on Access-to-Courts Restrictions

The Eleventh Circuit has repeatedly emphasized:

- Filing restrictions must be **narrowly tailored**,

- Courts must safeguard **due process and access to courts**, and

- Orders affecting those rights warrant **heightened scrutiny**.

See:

- *Procup v. Strickland*, 792 F.2d 1069, 1072–74 (11th Cir. 1986)

- *Martin-Trigona v. Shaw*, 986 F.2d 1384 (11th Cir. 1993)

### III. ARGUMENT

### A. <u>THE ORDER IS IMMEDIATELY APPEALABLE UNDER THE COLLATERAL ORDER DOCTRINE</u>

Appellee's argument fails to address the controlling *Cohen* framework.

### 1. The Order Conclusively Determines a Disputed Issue

The February 16, 2026 Order:

- Resolves Appellants' Motion to Strike;

- Determines the procedural posture governing opposition to sanctions; and

- Fixes the framework within which Appellants may defend against **vexatious litigant designation**.

This is not tentative—it is **conclusive**.

See *Flanagan v. United States*, 465 U.S. 259, 265 (1984).

**2. The Issue Is Completely Separate From the Merits**

The underlying litigation concerns:

- HOA claims and state-law issues.

The appealed Order concerns:

- Litigation conduct,

- Filing rights, and

- Sanctions procedure.

The Eleventh Circuit recognizes that such issues are **collateral**.

See *United States v. Shalhoub*, 855 F.3d 1255, 1260 (11th Cir. 2017).

**3. The Order Is Effectively Unreviewable After Final Judgment**

This prong is dispositive.

If Appellants are:

- Improperly subjected to filing restrictions, or

- Procedurally disadvantaged in opposing such relief,

the harm is **immediate and irreversible**.

The Eleventh Circuit has explicitly recognized that:

Restrictions on access to courts implicate fundamental rights and must be subject to careful review.

*Procup*, 792 F.2d at 1074.

Once imposed, such restrictions:

- Limit future filings,

- Affect unrelated cases, and

- Cannot be undone by later appeal.

**B. THE ORDER FALLS WITHIN A RECOGNIZED**

**CATEGORY OF IMMEDIATELY REVIEWABLE SANCTIONS-RELATED ORDERS**

Appellee ignores that courts routinely allow immediate review where orders:

- Affect litigation rights,

- Govern sanctions procedures, or

- Enable filing restrictions.

The Eleventh Circuit has entertained appeals involving:

- Filing injunctions (*Procup*),

- Litigation restrictions (*Martin-Trigona*), and

- Orders affecting the ability to proceed in court.

Here, the Order directly impacts Appellants' ability to oppose a motion that could:

- Bar future filings,

- Require pre-approval for litigation, and

- Impose sanctions.

That places this case squarely within that category.

**C. THE ORDER HAS THE PRACTICAL EFFECT OF A FINAL DECISION**

Even if not technically final, the Order is effectively final under **Gillespie** because it:

- Determines the scope of Appellants' participation in a sanctions proceeding;

- Shapes the adjudication of a motion affecting future litigation rights; and

- Produces consequences that cannot be undone later.

**D. APPELLEE'S § 1291 AND § 1292 ARGUMENTS ARE**

**INCOMPLETE**

Appellee recites general principles but ignores controlling exceptions.

**1. Finality Is Not Required Where Cohen Applies**

The Supreme Court has repeatedly held:

- Some orders are appealable **despite not ending the case**.

See *Will v. Hallock*, 546 U.S. 345 (2006).

**2. § 1292 Is Not the Exclusive Path**

Appellee's argument that lack of § 1292(b) certification defeats jurisdiction is incorrect.

The collateral order doctrine is:

- **Independent of § 1292**, and

- Frequently applied without certification.

**E. CONTINUED DISTRICT COURT PROCEEDINGS DO NOT DEFEAT JURISDICTION**

Appellee relies on the fact that proceedings below continue.

That is legally irrelevant.

Collateral order appeals:

- Routinely occur **while cases proceed below**,

- Do not require full termination of litigation, and

- Focus on whether the **specific issue is effectively unreviewable later**.

**F. SANCTIONS UNDER FED. R. APP. P. 38 ARE UNWARRANTED**

Appellee's request for sanctions is itself improper.

**1. The Appeal Raises Legitimate Legal Questions**

This appeal involves:

- The scope of the collateral order doctrine;

- Constitutional access-to-courts principles; and

- Jurisdiction over vexatious litigant proceedings.

These are **substantial legal issues**, not frivolous claims.

See *Bonfiglio v. Nugent*, 986 F.2d 1391, 1393 (11th Cir. 1993).

### 2. No Frivolity or Bad Faith Exists

There is:

- No misrepresentation of law;

- No improper purpose; and

- A clear legal basis grounded in precedent.

### 3. Sanctions Would Chill Legitimate Advocacy

The Eleventh Circuit cautions that Rule 38 sanctions should be used **sparingly**.

See *United States v. Morse*, 532 F.3d 1130, 1132 (11th Cir. 2008).

### G. ALTERNATIVE BASIS: THIS COURT MAY EXERCISE MANDAMUS JURISDICTION

If this Court questions jurisdiction, it may:

- Treat the appeal as a **petition for writ of mandamus**, and

- Review whether the district court exceeded its authority.

See:

- *United States v. Fernandez*, 887 F.2d 465 (11th Cir. 1989)

- *In re BellSouth Corp.*, 334 F.3d 941 (11th Cir. 2003)

Mandamus is appropriate where:

- Important rights are at stake,

- There is no adequate alternative remedy, and

- Immediate review is necessary.

All factors are satisfied here.

**IV. CONCLUSION**

The February 16, 2026 Order:

- Is not a routine procedural ruling,

- Arises in the context of sanctions and litigation restrictions, and

- Implicates fundamental rights that warrant immediate review.

Appellee's Motion to Dismiss should therefore be **DENIED**.

**V. RELIEF REQUESTED**

Appellants respectfully request that this Court:

1. **DENY** Appellee's Motion to Dismiss;

2. **DENY** Appellee's request for sanctions;

3. Exercise jurisdiction over this appeal; and

4. Alternatively, construe this appeal as a **petition for writ of mandamus** and

grant appropriate relief.

Respectfully submitted,
Liza Hazan a/k/a Elizabeth Hazan
By:*/s/Liza Hazan*
Liza      Hazan
a/k/a Elizabeth
Hazan     6913
Valencia Drive
Miami,    FL
33109 *Pro se*
*Defendant*
***Via US Mail***

Sean Neil Meehan
By:_/s/ Sean Meehan
Sean Meehan
*Pro        se*

*Defendant*
***Via US Mail***

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify this Petition for Rehearing complies with Fed. R. App. P. 32(a)(7)(B) as

the brief contains 1011 total words using Times New Roman 14- point font.

Elizabeth Hazan

By:  /s/Liza Hazan
  Liza        Hazan a/k/a Elizabeth Hazan
  6913 Valencia Drive Miami,
  FL 33109 *Pro se Defendant*
  ***Via US Mail***

  Sean Neil Meehan
  By:*/s/ Sean N. Meehan* Sean Meehan
  *Pro           se*
  *Defendant*
  ***Via US Mail***

# CERTIFICATE OF SERVICE

I electronically filed the foregoing Motion for Extension of Time to Pay the Filing Fee using the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all counsel of record and was served on counsel of record by Appellant.

Respectfully submitted,

Elizabeth Hazan

By:/*s*/Liza Hazan

Liza Hazan a/k/a Elizabeth Hazan 6913 Valencia Drive Miami, FL 33109 *Pro se Defendant* **Via US Mail**

Sean Neil Meehan By: /s/ Sean N. Meehan Sean Meehan *Pro se Defendant* **Via US Mail**

## SERVICE LIST

## Via CM/ECF/EMAIL

Barry Seth Turner for Valencia Estates Homeowners' Association, Inc..
bt@bstpa.com, bstpalaw@gmail.com, paralegal@bstpa.com