# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

**Appeal Number: 26-10573**

**District Court Docket No. 25-cv-26159-LFL**

**Valencia Estates Homeowners' Association, Inc.**
Appellant,

v.

**Liza Hazan, et al**

Appellee.

On Appeal from
United States District Court for the Southern District of Florida

District Court Docket No. **25-cv-26159-LFL**

## APPELLANTS LIZA HAZAN AND SEAN MEEHAN'S RESPONSE IN OPPOSITION TO APPELLEE'S SUPPLEMENTAL MOTION TO DISMISS APPEAL FOR FAILURE TO PROSECUTE

May 11, 2026

Elizabeth Hazan

By: /s / Liza Hazan

Liza Hazan a/k/a Elizabeth Hazan 6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
**Via US Mail**


Sean Neil Meehan

By: /s/ Sean Meehan
Sean Meehan
*Pro se Defendant*
**Via US Mail**

# CERTIFICATE OF INTERESTED PARTIES

Aresty, Joel – attorney for Liza Hazan

Fisher Island Community Association, Inc. – HOA of Appellee

Fisher Island Community Association, Inc. – HOA of Appellee Hazan, Elizabeth a/k/a

Hazan, Liza –Appellee

Selective Advisor Group, LLC formerly known as Selective Advisors Group,

LLC

JPMorgan Chase Bank, National Association –Plaintiff in pending declaratory

action against Appellee Liza Hazan

Langley, David W. – attorney for Appellee

Law Offices of David W. Langley – firm for Appellee

Law Office of Robert A. Gusrae, Esq. - for Creditor Fisher Island Community

Association

Leon Cosgrove LLC – attorney of record for JP Morgan Chase Bank

Meehan, Sean Neil – Manager of Selective Advisors Group, LLC and

Selective Advisors Group, LLC

Appellee Sean Meehan

6913 Valencia, LLC – holder of mortgage on the Fisher Island Property

Valencia Estates Homeowners' Association, Inc. – Creditor of Appellee Hazan and

HOA of the Fisher Island Property

Zaron, Andrew D. – attorney of record for JP Morgan Chase Bank

Judge Reemberto Diaz

Judge Sanchez

Appellants LIZA HAZAN a/k/a ELIZABETH HAZAN, and SEAN NEIL

MEEHAN further certifies that JP Morgan Chase Bank is a publicly traded company

with an interest in the outcome of this case.

**APPELLANTS LIZA HAZAN AND SEAN MEEHAN'S
RESPONSE IN OPPOSITION TO APPELLEE'S
SUPPLEMENTAL MOTION TO DISMISS APPEAL FOR
FAILURE TO PROSECUTE**

Appellants Liza Hazan a/k/a Elizabeth Hazan and Sean Neil Meehan,

*Pro Se* appellants, file this response in opposition to Appellee's Supplemental

Motion To Dismiss Appeal For Failure To Prosecute [ECF No. 18].

and state as follows:

## I. INTRODUCTION

Appellee seeks the harsh sanction of dismissal based solely upon the alleged untimely

filing of Appellants' initial brief. Dismissal of an appeal for failure to prosecute is an

extreme remedy that is disfavored, particularly where there is no showing of bad faith,

willful disregard of court orders, prejudice to the opposing party, or contumacious

conduct.

Here, Appellants have acted in good faith throughout these proceedings and have

continuously attempted to preserve their appellate rights regarding substantial

jurisdictional and procedural issues arising from the underlying district court

proceedings. Any delay in filing was not willful, was excusable, and does not warrant

the drastic sanction of dismissal. Moreover, Appellee has demonstrated no prejudice

whatsoever resulting from the brief delay.

The Eleventh Circuit strongly favors resolution of cases on the merits rather than

procedural default. Accordingly, the Supplemental Motion to Dismiss should be denied, and Appellants should be permitted a reasonable opportunity to file their appellate brief.

## II. BACKGROUND

1. On February 23, 2026, Appellants filed their Notice of Appeal seeking review of the district court's February 16, 2026 Non-Final Order.

2. The issues raised in this appeal concern significant jurisdictional and procedural matters, including the district court's handling of motions relating to remand, sanctions, and vexatious litigant allegations.

3. Appellants have actively participated in the underlying proceedings and have not abandoned this appeal.

4. Any delay associated with the filing of Appellants' initial brief was not intentional, contumacious, or undertaken in bad faith.

5. Appellee has suffered no cognizable prejudice arising from the brief delay in filing.

## III. ARGUMENT

**A. Dismissal for Failure to Prosecute Is a Severe Sanction Reserved for Extreme Circumstances**

Although Federal Rule of Appellate Procedure 31(c) permits dismissal where an appellant fails to timely file a brief, dismissal is discretionary—not mandatory.

The Eleventh Circuit has repeatedly recognized that dismissal for failure to prosecute is a drastic remedy that should be employed only in extreme circumstances involving willful delay, bad faith, or repeated disregard of court orders. See United States Court of Appeals for the Eleventh Circuit cases recognizing the strong policy favoring

disposition of cases on their merits rather than procedural technicalities.

Courts generally consider:

- whether the delay was willful;

- whether the opposing party suffered prejudice;

- whether lesser sanctions would suffice; and

- whether the litigant acted in bad faith.

None of those factors support dismissal here.

## B. Appellants Have Not Acted in Bad Faith or Abandoned the Appeal

Appellee's motion improperly assumes that the absence of a timely brief automatically establishes abandonment of the appeal. It does not.

Appellants filed a timely Notice of Appeal and have consistently sought review of substantial legal issues affecting their rights. The present appeal concerns significant questions relating to jurisdiction, remand, sanctions, and due process concerns arising from the proceedings below.

Any delay in filing resulted from excusable circumstances and ongoing litigation complexities—not from any intent to abandon the appeal or disregard this Court's authority.

Importantly, there has been no order to show cause issued by the Court, no prior sanctions, and no finding that Appellants acted contumaciously.

## C. Appellee Has Demonstrated No Prejudice

Appellee identifies no actual prejudice arising from the brief delay in filing Appellants' initial brief.

There is no allegation that evidence has been lost, witnesses have become unavailable,

or that Appellee's ability to litigate the appeal has otherwise been impaired. Mere delay, standing alone, is insufficient to justify dismissal.

Absent a showing of meaningful prejudice, dismissal is unwarranted.

**D. Lesser Remedies Are Available and More Appropriate**

Even assuming arguendo that the Court finds the brief untimely, dismissal remains inappropriate because lesser remedies are available.

Courts routinely permit late filings, grant extensions nunc pro tunc, or establish revised briefing schedules in lieu of dismissal. Such measures adequately protect the orderly administration of the appellate process while preserving adjudication on the merits.

Given the strong federal policy favoring disposition of appeals on their merits, any procedural deficiency can readily be cured through a reasonable extension rather than the extraordinary sanction of dismissal.

**E. The Appeal Raises Important Jurisdictional and Due Process Issues That Should Be Decided on the Merits**

The underlying proceedings involve serious allegations and substantial issues affecting Appellants' procedural and substantive rights, including:

- remand jurisdiction;
- sanctions;
- vexatious litigant allegations;
- access to federal courts; and
- due process protections.

Because these issues are significant and potentially dispositive, the interests of justice favor adjudication on the merits rather than dismissal based upon a procedural

technicality.

## IV. REQUEST FOR EXTENSION OF TIME

To the extent necessary, Appellants respectfully request that the Court construe this Response as including a motion for leave to file their initial brief out of time and permit Appellants a reasonable extension within which to file the same.

Appellants submit that excusable neglect exists under the circumstances and that permitting the appeal to proceed will not prejudice Appellee.

## V. CONCLUSION

WHEREFORE, Appellants Elizabeth Hazan and Sean Meehan respectfully request that this Court:

1.  DENY Appellee's Supplemental Motion to Dismiss Appeal for Failure to Prosecute;

2.  Permit Appellants to file their Initial Brief out of time;

3.  Establish a revised briefing schedule; and

4.  Grant such further relief as this Court deems just and proper.

Respectfully submitted,

Liza Hazan a/k/a Elizabeth Hazan
By:*/s/Liza Hazan*
    Liza     Hazan
a/k/a Elizabeth
Hazan   6913
Valencia Drive
Miami,   FL
33109 *Pro se*
*Defendant*
***Via US Mail***

Sean Neil Meehan
By:  /s/ Sean Meehan
Sean Meehan
*Pro      se*

*Defendant*
**Via US Mail**

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify this Appellants' response in opposition to Appellee's Supplemental

Motion To Dismiss Appeal For Failure To Prosecute [ECF No. 18] complies with

Fed. R. App. P. 32(a)(7)(B) as the brief contains 895 total words using Times New

Roman 14- point font.

Elizabeth Hazan

By: /s/Liza Hazan
Liza        Hazan a/k/a Elizabeth Hazan
6913 Valencia Drive Miami,
FL 33109 *Pro se Defendant*
**Via US Mail**

Sean Neil Meehan
By:*/s/* Sean N. Meehan Sean Meehan
*Pro          se*
*Defendant*
**Via US Mai**

## <u>CERTIFICATE OF SERVICE</u>

I electronically filed the foregoing Appellants' response in opposition to Appellee's Supplemental Motion To Dismiss Appeal For Failure To Prosecute [ECF No. 18] using the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all counsel of record and was served on counsel of record by Appellant.

Respectfully submitted,

Elizabeth Hazan

By:<u>/s/ Liza Hazan</u>

Liza Hazan a/k/a Elizabeth Hazan 6913 Valencia Drive Miami, FL 33109 *Pro se Defendant* **Via US Mail**

Sean Neil Meehan
By: <u>/s/ Sean N. Meehan</u>
Sean Meehan
*Pro se Defendant*
**Via US Mail**

## <u>SERVICE LIST</u>

## <u>Via CM/ECF/EMAIL</u>

Barry Seth Turner for Valencia Estates Homeowners' Association, Inc..
bt@bstpa.com, bstpalaw@gmail.com, paralegal@bstpa.com